**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


DARRYL STEWART,

       Plaintiff,

v.                                        No. CV 11-0733 WJ/GBW

DOCTOR WILLIAM SHANNON, DIRECTOR OF C.M.S.,
INDIVIDUAL CAPACITIES,

       Defendant.


MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, the Court will dismiss Plaintiff's complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Shannon denied Plaintiff necessary medical treatment, caused him bodily harm, and sexually assaulted him.  The allegations are almost identical to those in Plaintiff's previous complaint in *Stewart v. Shannon*, No. CV 11-0225 MCA/RHS.  *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("The court may take judicial notice of the prior litigation.").  Plaintiff also made the some of the same allegations against this Defendant in an even earlier complaint in *Stewart v. Metro. Detention Cntr, et al.*, No. CV 09-1180 WJ/DJS.  Plaintiff voluntarily dismissed both complaints, *see* No. CV 09-1180 WJ/DJS, Doc. 15; No. CV 11-0225 MCA/RHS, Doc. 6.  As noted in the order granting the  motion to dismiss in No. CV 11-0225 MCA/RHS, because "Plaintiff 'previously dismissed . . . [an] action based on or including [one of] the same claim[s],' . . . dismissal 'operates as an adjudication on the merits.'  Fed. R. Civ. P. 41(a)(1)(B)."  According to the provisions of rule 41(a)(1)(B), the Court dismissed Plaintiff's complaint in No. CV 11-0225 MCA/RHS with prejudice.  The Court also notes that Plaintiff has two pending consolidated actions that name the same Defendant.  *See Stewart v. Metropolitan Detention Center*, No. CV 11-0298 MCA/WPL, consolidated with No. CV 11-0496 MCA/WPL.  *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's own records).

As a result of the previous dismissal of claims that are identical to those asserted in the instant complaint, Plaintiff's current claims are barred by the doctrine of res judicata.  The doctrine of res judicata bars claims that were, or could have been, raised in an earlier action.  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999); *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992).  "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must

be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).  Plaintiff's complaint in No. CV 11-0225 MCA/RHS named the same party, asserted the same cause of action, and was dismissed on the merits.  Furthermore, Plaintiff had a full and fair opportunity to litigate those claims but chose instead to dismiss the complaint.  The instant complaint therefore satisfies each of the elements in *Nwosun*, and the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE